**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| REV. PAUL R. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-00004-TWP-WGH |
| | ) | |
| TOWN OF GEORGETOWN, INDIANA, | ) | |
| MIKE MILLS, JAMES E. TRIPURE, JR., | ) | |
| PATTI DENISON, KATHY HALLER, and | ) | |
| JERRY BROCK, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY DENYING MOTION TO RECUSE

This matter is before the Court on Plaintiff Rev. Paul R. Powell's Motion to Recuse ([Filing No. 29](#)) pursuant to 28 U.S.C. § 455(a).

Federal law provides that "[a]ny . . . judge . . . shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *Id.* In *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996), the court stated that § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." The purpose of the statute "is to preserve the appearance of impartiality." *United States v. Johnson*, 680 F.3d 966, 979 (7th Cir.), *cert. denied*, 133 S. Ct. 672 (2012).

In order to justify recusal under § 455(a), the impartiality of which a judge is accused will almost always be extrajudicial. *Id.* at 554; *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001); *In re Huntington Commons Assocs.,* 21 F.3d 157, 158-59 (7th Cir. 1994). Thus, "[w]hen a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no

such source is apparent, the motion should be denied." S*prinpangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327, 1329 (S.D.Ind. 1991) (citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988)).

Plaintiff seeks the recusal of the undersigned judge because at a discovery conference the Magistrate Judge cautioned the parties that "Defendant Mike Mills either did or might have an impermissible conflict with the judges of the Southern District, namely Judge Sarah Evans Barker, Judge William T. Lawrence, Judge Jane Magnus, and Senior Judge Larry J. McKinney, since Defendant Mills was employed by the Court." Noticeably, the undersigned judge is absent from the list of the judges who might have a potential "impermissible conflict." With this information in hand, Plaintiff states that his counsel made inquiries to the Human Resources director of this Court and he has obtained no information that Defendant Mills is, in fact, an employee of the Court. Moreover, the Court is not familiar with a "Mike Mills" even if he were an employee or past employee in the Southern District of Indiana. Rarely does a judge's mere acquaintance with a party or witness justify recusal. *United States v. Kehlbeck*, 766 F.Supp. 707, 711 (S.D.Ind., 1990).

The Court concludes that there is no legitimate basis for Plaintiff to seek the disqualification of the undersigned judge. The motion to recuse thus fails under § 455(a)(1) because the circumstances reviewed above do not demonstrate an objectively reasonable basis for questioning this judge's impartiality.

Based on the foregoing, the Plaintiff's Motion for Recusal ([Filing No. 29](Filing No. 29)) is **DENIED.**

**SO ORDERED.**

Date: 11/5/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Frank Yates, Jr.
frankyatesjr@insightbb.com

Paul Michael Summers
SUMMERS LAW OFFICE LLC
msummerslawoffice@gmail.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP – New Albany
jlowe@k-glaw.com