UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| REVERAND PAUL R. POWELL , ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-cv-00004-TWP-WGH |
| ) | |
| TOWN OF GEORGETOWN, INDIANA, ) | |
| MIKE MILLS, JAMES E. TRIPURE, JR., ) | |
| PATTI DENISON, KATHY HALLER, and ) | |
| JERRY BROCK, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PLAINTIFF'S MOTION TO CERTIFY CLASS**

The matter is before the Court on Plaintiff Rev. Paul R. Powell's ("Rev. Powell"), Motion for Certification of a Class (Filing No. 31). Rev. Powell filed this action against Defendants, the Town of Georgetown, Indiana, and members of the Town Council; Mike Mills, James E. Tripure Jr., Patti Denison, Kathy Haller and Jerry Brock, (collectively "the Town"), alleging due process violations of the Fifth and Fourteenth Amendments of the United Sates Constitution. The motion to certify was originally filed on November 26, 2014. However, briefing on the motion was delayed to allow the Defendants an opportunity to depose Rev. Powell. (Filing No. 32, Filing No. 33, Filing No. 37.) Briefing on the motion was further delayed by Rev. Powell's ongoing health issues and his failure to produce certain documents related to his deposition. (Filing No. 39, Filing No. 40.) Ultimately, the deadline for responding to motion to certify class was set for September 30, 2015. (Filing No. 44, Filing No. 46.) Nevertheless, the Defendants did not file a response by the deadline. For the following reasons, the Court **DENIES** Rev. Powell's motion to certify class.

## I. LEGAL STANDARD

Class action lawsuits are governed by Federal Rule of Civil Procedure 23. Pursuant to Rule 23, the named parties of a class of plaintiffs may sue on behalf of all the members of the class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The proposed class must also satisfy one of the requirements under Rule 23(b). Fed. R. Civ. P. 23(b); *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012).

The determination of whether to certify a putative class is within the broad discretion of the district court. *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993). While consideration of class certification is not "a dress rehearsal for trial on the merits," the court "must receive evidence and resolve the disputes before deciding whether to certify the class." *Messner*, 669 F.3d at 811 (quoting *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001)); *see also Livingston v. Assocs. Fin., Inc.*, 339 F.3d 553, 558 (7th Cir. 2003) ("[c]lass certification requires a *rigorous investigation* into the propriety of proceeding as a class") (emphasis added).

A party seeking class certification bears the burden of demonstrating that certification is appropriate. *Messner*, 669 F.3d at 811. Where there has been no discovery on the issue of class certification, the district court may rule on the appropriateness of class certification by construing all reasonable inferences in favor of the named plaintiffs. *See, e.g.*, *Boyce v. Wachovia Sec., LLC*, 5:09-CV-263-FL, 2010 WL 1253744, at *2 (E.D. N.C. Feb. 17, 2010) ("any such ambiguities in the complaint will be construed in favor of the plaintiffs and in favor of a class allegation"); *Blihovde v. St. Croix Cnty., Wis.*, 219 F.R.D. 607, 614 (W.D. Wis. 2003) ("when there has been

no discovery and the defendants challenge class certification on the basis of the allegations in the complaint only, the proper standard is the same as a motion to dismiss for failure to state a claim"). However, a court is not required to accept the allegations in the plaintiff's complaint as true, and should "make any factual and legal inquiries needed to ensure that the requirements for class certification are satisfied, even if the underlying considerations overlap with the merits of the case." *Roe v. Bridgestone Corp.*, 257 F.R.D. 159, 166 (S.D. Ind. 2009).

## II. DISCUSSION

Rev. Powell, a landlord, asserts that the Town shut off water to one of his rental properties, after one of his tenants vacated the property without paying a water bill. Thereafter, the Town refused to turn on the water until Rev. Powell paid the full amount of the tenant's delinquent water bill, in the amount of $250.00. Rev. Powell, who owns several other properties in Georgetown, Indiana, contends that this has happened to him on several occasions; and he argues that such takings violated the due process clause of the state and federal constitutions. In his motion to certify class, Rev. Powell seeks to represent a class of all landlords in the Town, arguing that all are at risk of similar due process violations by the Town. (Filing No. 31 at 8, 11.) In order to proceed as a class, all of the elements of Rule 23(a) (numerosity, commonality, typicality, and adequacy) must be met.

### A.   Numerosity

In order to satisfy the numerosity element, a plaintiff is not required to specify the exact number of persons in the class. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). However, plaintiffs may not rely on "conclusory allegations that joinder is impractical or on speculation as to the size of the class". *Id.*

In his Amended Complaint (Filing No. 18), Rev. Powell asserts that he intends to represent a class of "[a]ll individuals in the United States that whose [sic] water service has been wrongfully terminated by the Plaintiffs [sic]." (Filing No. 18 at 5.) In his motion to certify class, Rev. Powell narrows this number somewhat, and states that there are "at least two hundred and fifty individuals and entities [who] own rental property in the Town of Georgetown" and that "all owners of rental property in the Town of Georgetown affected by [sic] defendants' policies suffer (and will suffer) similar injury." (Filing No. 31 at 8, 11.) In addition, Rev. Powell asserts in his amended complaint, "[t]he precise numbers and addresses of members of the class are unknown to [Rev. Powell]. [Rev. Powell] estimates that the class consists of at least two hundred and fifty members. The precise number of persons in the class and their identities and addresses may be ascertained from Defendants' records." (Filing No. 18 at 5.)

Although plaintiffs are generally not required to specify the exact number of persons in a class, such cursory and purely speculative statements do not satisfy the numerosity requirement of Rule 23(a). In a factually similar case, *Golden v. City of Columbus*, 404 F.3d 950 (6th Cir. 2005), the plaintiff was a renter whose water was cut off by the city because of unpaid water bills by the landlord and a prior tenant. 404 F.3d at 950, 954. The plaintiff sued based on a due process violation and moved to certify a class of all renters subject to the city's automatic shut-off policy. *Id*. In support of her motion to certify class, the plaintiff identified a potential class consisting of the entire number of renters in the city. *Id*. at 966. The court found this assertion was "bare speculation" and was insufficient to satisfy the numerosity requirement of the Rule 23(a). *Id*. In affirming the trial court's denial of class certification, the court noted that the full number of renters in the city were not likely to risk constitutional harm due to the city's policy and that the "unrefined measure" was "too speculative". *Id*.

4

*See also Marcial*, 880 F.2d at 957 (upholding a trial court's denial of class certification based on numerosity when the alleged class of 400-600 potential litigants represented the maximum number of persons potentially affected by a challenged company policy rather than the number of persons with potentially legitimate claims); *Sheller v. City of Phila.*, 288 F.R.D. 377, 383-84 (E.D. Pa. 2013) (denying class certification based on numerosity when the alleged class was supported by only a conclusory allegation that "hundreds if not more" persons were potentially affected by a city policy); *Kempner v. Town of Greenwich*, 249 F.R.D. 15, 19 (D. Conn. 2008) (denying class certification based on numerosity when the alleged class was identified as the total number of citizens in a town, all of which were broadly alleged to have suffered the same constitutional amendment harms by a town's policy).

Although Rev. Powell seeks to establish a class of landlords rather than renters, his case appears to suffer from the exact same "bare speculation" that was insufficient to satisfy the numerosity requirement in *Golden*. Rather than identifying a class of landlords in the Town that have been required to pay delinquent tenant accounts before the Town restored water to their rental properties, Rev. Powell submitted a vague estimate of the maximum number of landlords in the town. Such an "unrefined measure", however, does not reflect the number of landlords who might actually risk the type of constitutional harm alleged in Rev. Powell's Amended Complaint. Accordingly, like the similarly-problematic, "absolute[] maximum" estimate in *Golden*, this bare assertion is "too speculative" to satisfy the numerosity requirement of Rule 23(a).

Further damaging to Rev. Powell's ability to satisfy the numerosity requirement is the fact that he fails to identify a policy or practice by the Town, either in his Amended Complaint or in his motion to certify class, which would suggest that *any* other landlords actually suffered similar harm. Instead, Rev. Powell's complaint minimally alleges that *he* was required to pay his tenant's

delinquent water bill before the Town restored water service to *his* property, but completely fails to explain other circumstances wherein similarly-situated landlords may have been required to do the same.

It is possible that Rev. Powell can cure these deficiencies with additional discovery. However, at present, neither the allegations in his Amended Complaint nor the assertions in his motion to certify class satisfy the numerosity element of Rule 23(a).

**B.     Adequacy of Representation**

In addition, this Court has serious concerns about both the suitability of Rev. Powell as a class representative and the adequacy of Rev. Powell's attorney to effectively litigate a class action. Adequacy of representation is composed of two parts: "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest" of the class members. *Retired Chi. Police Ass'n*, 7 F.3d at 598. A class is not fairly and adequately represented if class members have antagonistic or conflicting claims. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Also, counsel for the named plaintiffs must be experienced and qualified and generally be able to conduct the litigation. *See Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 896 (7th Cir. 1981).

Since Rev. Powell filed his motion to certify class, he has been hospitalized at least twice for a serious ongoing illness. (Filing No. 44.) This ongoing physical ailment was significant enough to delay discovery in this case and to cause the Magistrate Judge to raise his own concerns about Rev. Powell's suitability as class representative. (*Id.*)

In addition, counsel for Rev. Powell's only statement regarding his competency to effectively litigate a class action is a single conclusory sentence in the motion to certify: "…counsel has practiced law in the City of Louisville for many years, and is well qualified to

prosecute this action." (Filing No. 31 at 13.) This statement, by itself, fails to provide the Court with sufficient assurance that Rev. Powell's attorney has experience litigating a class action. Instead, the statement raises the additional concern that counsel may not be well-suited to litigate a class action in the Southern District of Indiana, since all of counsel's legal experience is in Kentucky. This concern is further justified by counsel's overwhelming citation to cases within the Sixth Circuit, which have no binding precedential value on this Court.[1] Further, Rev. Powell's motion is riddled with formatting and typographical errors, and is presented as both a motion to certify class and a motion to bifurcate issues, which is a violation of the Local Rules. *See* S.D. Ind. Local R. 5-1 (Format of Documents Presented for Filing); S.D. Ind. Local R. 7-1 (Motion Practice).

Finally, this Court notes that Rev. Powell's attorney missed the most recent status conference with the Magistrate Judge. (Filing No. 46.) This is particularly concerning, when Rev. Powell's attorney has also been faulted for improperly withholding discovery in this case, as it does not suggest the sort of vigorous representation that is generally expected of a class representative and class counsel. (Filing No. 39, Filing No. 40.) Accordingly, the Court finds that Rev. Powell has failed to satisfy the adequacy element of Rule 23(a).

The Court need not analyze the remaining factors based on such scant and unsupported class allegations, as failure to satisfy one element of Rule 23(a) dooms certification. Therefore, this Court considers denial of the motion to certify class to be appropriate.

---

[1] Rev. Powell's attorney cites to nearly 100 cases in his motion and only 18 of those citations are cases within the Seventh Circuit Court of Appeals; the remaining citations, roughly 19% of the total legal sources, are cases from within the Sixth Circuit Court of Appeals.

### III. CONCLUSION

For the reasons stated above, Rev. Powell's Motion for Certification of a Class (Filing No. 31) is **DENIED**.

**SO ORDERED.**

Date: 10/20/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Frank Yates, Jr.
frankyatesjr@insightbb.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP-New Albany
jlowe@k-glaw.com