**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

| | | |
|---|---|---|
| PAUL R. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-00004-TWP-TAB |
| | ) | |
| TOWN OF GEORGETOWN, INDIANA, | ) | |
| MIKE MILLS, JAMES E. TRIPURE, JR., | ) | |
| PATTI DENISON, KATHY HALLER, and | ) | |
| JERRY BROCK, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON CROSS MOTIONS FOR SUMMARY JUDGMENT

Before the Court are the parties' cross motions for summary judgment. The Plaintiff, Rev. Paul R. Powell ("Powell"), initiated this action against Defendants, the Town of Georgetown, Indiana ("Town"), and members of the Town Council: Mike Mills, James E. Tripure Jr., Patti Denison, Kathy Haller and Jerry Brock (collectively the "Town Council"). Powell, a landlord, asserts that the Town threatened to turn off water service to several of his rental properties after his tenants vacated the properties without paying their water bills. Additionally, the Town threatened not to turn the water on until he paid the full amount of the tenants' delinquent water bills. Powell contends that this happened to him on several occasions, and he argues that the Town's policy violates the equal protection and due process clauses of the state and federal constitutions and amounts to unconstitutional takings.

On February 22, 2016, the Defendants filed a Motion for Summary Judgment and accompanying brief. (Filing No. 54; Filing No. 55.) On February 26, 2016, Powell filed a cross Motion for Partial Summary Judgment. (Filing No. 58.) Neither party filed response or reply

briefs.  For the following reasons, the Court grants the Defendants' Motion for Summary Judgment and denies Powell's Motion for Summary Judgment.

## I.  BACKGROUND

In large part, the facts are not disputed by the parties.  Where there is a dispute, however, the Court has made note.  Powell owns six rental properties in Georgetown, Indiana.  The Town has a longstanding policy of turning off water service to properties that are delinquent on their water bills.  For at least one of Powell's rental properties, the Town specified its policy in a contract with Powell.  The relevant provisions of that contract are as follows:

> All bills must be paid by the 21st day of each month.  A penalty will be added on the amount of the bill, if the bill is not paid by the end of the working day.  If the bill is not paid by the 10th of the next following month in FULL, THE WATER WILL BE CUT OFF.

(Filing No. 56-3 at 7) (emphasis in original).  The Town also has a policy of holding landlords responsible for the unpaid water bills of their tenants, disconnecting water service to rental properties until the landlords pay the outstanding balances.  Powell has known about both policies for at least twenty-two years and has voiced concerns with them at various points in the past.  Specifically, Powell contends that having not been a party to the tenants contracts for water service, he was not obligated to pay the former tenant's outstanding water bills.

It is unclear whether the Town ever actually turned off the water service to any of Powell's rental properties, as the Town put forth admissions by Powell which belie allegations in the complaint and which Powell did not otherwise rebut.  However, it is undisputed that Powell received several notices from the Town, warning him that the water service to his rental properties would be disconnected unless he paid the outstanding balances of his former tenants.

In this regard, the Town has a policy of sending its account holders a letter approximately ten days before a disconnection to advise the account holder of their rights.  Specifically, these letters state, in relevant part, as follows:

> [i]f a **Water Utility Customer** desires to request a hearing contesting the appropriateness of a contemplated disconnection for nonpayment of their water utility bill, the customer shall request such hearing at the Georgetown Clerk's Office within seven (7) business days after the mailing of the disconnection notice.

(Filing No. 56-3 at 22) (emphasis in original).  Powell contends that over the past twenty years, he has paid an estimated $20,000.00 in response to such letters.  The Town acknowledges that Powell has made numerous payments over the years, but contend that Powell has never requested a hearing to contest an anticipated disconnection of water services to any of his rental properties.

## II.  <u>LEGAL STANDARD</u>

Summary judgment is only appropriate by the terms of Rule 56 where there exists "no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  This notion applies equally where, as here, opposing parties each move for summary judgment in their favor pursuant to Rule 56.  *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774 (7th Cir. 1996).  Indeed, the existence of cross-motions for summary judgment does not necessarily mean that there are no genuine issues of material fact.  *R.J. Corman Derailment Serv., Inc. v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 647 (7th Cir. 2003).  Rather, the process of taking the facts in the light most favorable to the non-movant, first for one side and then for the other, may reveal that neither side has enough to prevail without a trial.  *Id.* at 648.  "With cross-motions, [the court's] review of the record requires that [the court] construe all inferences in favor of the party against whom the motion under consideration is made."  *O'Regan v. Arbitration Forums, Ins.*, 246 F.3d 975, 983 (7th Cir. 2001) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)).

A court is not permitted to conduct a paper trial on the merits of a claim and may not use summary judgment as a vehicle for resolving factual disputes. *Ritchie v. Glidden Co., ICI Paints World-Grp.*, 242 F.3d 713, 723 (7th Cir. 2001); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). A court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) ("these are jobs for a factfinder"); *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Instead, when ruling on a summary judgment motion, a court's responsibility is to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. *Id.*

### III. DISCUSSION

The federal claims in this action are necessarily brought pursuant to 42 U.S.C. § 1983. Powell's Amended Complaint alleges Defendants violated his Equal Protection rights when they refused to render water service to his properties; violated his Due Process rights because they did not provide him an opportunity to dispute paying the remaining balances on his former tenants' water service accounts; conspired against him to deprive him of his constitutional rights; and the Defendants' policy caused the remaining Town Council members to join in the civil conspiracy. He also claims the Defendants violated the Fifth and Fourteenth Amendments to the United States Constitution because his rental properties were temporarily rendered uninhabitable pending the payment of the remaining balance on his former tenants' water service account, which constitutes a taking of his property without just compensation. The Court will address these claims in turn.

### A. Individual Defendants

As an initial matter, the Court notes that Powell has not asserted a valid claim against the individually named Town Council defendants. To state an individual capacity suit against officials

under § 1983, a plaintiff must allege that the named defendants are personally responsible for the alleged constitutional violation.  *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) ("personal involvement is a prerequisite for individual liability in a § 1983 action").

In his Amended Complaint, Powell does not allege any action or omission on the part of the Town Council members that caused a violation of his constitutional rights.  (*See* Filing No. 18.)  Further, in his deposition, Powell testified he does not have any information or knowledge that the individually named defendants did anything to harm him.  (Filing No. 56-2 at 46-47.)  As a result, the Court considers summary judgment to be warranted in regards to Powell's claims against the Town Council defendants.

**B.      Equal Protection**

Powell alleges that the Town's policies violate the federal Equal Protection clause.[1]  The Equal Protection Clause of the Fourteenth Amendment provides that a State shall not "deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend. XIV, § 1.  The government may classify individuals and make distinctions when creating and applying the laws, but the classifications may not be based on "impermissible criteria or arbitrarily used to burden a group of individuals."  *Little Arm Inc. v. Adams*, 13 F. Supp. 3d 893, 911 (S.D. Ind. 2014).  Unless the law or policy impinges a suspect class or a fundamental right, the challenged law or policy must only withstand rational basis scrutiny to be upheld.  *Id.*

---

[1] The Court notes that it is not clear whether Mr. Powell actually alleged Equal Protection and Due Process claims in his Amended Complaint.  Instead, Mr. Powell alleges "[t]he wrongful acts set out above constitute the wrongful seizure of Plaintiff's property, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and of 42 U.S.C. § 1983".  (Filing No. 18 at 3-4.)  However, with regard to both claims, Mr. Powell substantively responded to the Town's arguments.  As such, the Court construes the Amended Complaint as alleging Equal Protection and Due Process claims.

The right to water service is not a fundamental right.  In addition, Powell does not allege a classification involving a protected class.  Therefore, the Town's policy does not impinge on a protected class or a fundamental right, and the rational basis test applies.  *Golden v. City of Columbus*, 404 F.3d 950, 960 (6th Cir. 2005).

Other courts considering this issue have found that a law or policy requiring a landlord to pay debts attached to his or her property is rationally related to the municipality's purpose of collecting unpaid debts.  *See, e.g.*, *Id.* at 961-63 (quoting *O'Neal v. City of Seattle*, 66 F.3d 1064, 1068 (9th Cir. 1995) ("pursuing payment from the prior tenant and the landlord would be rationally related to the City's goal; refusing service to an unobligated new tenant is not").

Similarly, the Town's policy of seeking payment of water bills from the tenant and the landlord is rationally related to a legitimate government interest of collecting unpaid balances and, therefore, does not violate the Equal Protection clause.  Accordingly, summary judgment is also warranted in the Town's favor in regards to Powell's Equal Protection claim.

## C.   <u>Due Process</u>

Powell alleges substantive and procedural due process claims against the Town's policies.[2] The Due Process Clause of the Fourteenth Amendment provides that a state may not deprive a person of "life, liberty or property without due process of law."  U.S. CONST. amend. XIV, § 1. A due process claim involves a two-part analysis:  whether the plaintiff was deprived of a protected interest, and what process is due.  *Pugel v. Bd. of Trs. of Univ. of Ill.*, 378 F.3d 659, 662 (7th Cir. 2004).

### 1.   <u>Substantive Due Process</u>

Powell cannot establish a substantive Due Process claim because he has failed to identify

---

[2] *See supra* n.1.

a violation of an explicit constitutional guarantee.  An alleged violation of substantive due process must either be a violation of an explicit constitutional guarantee or be behavior that "shocks the conscience."  *Mansfield Apt. Owners Ass'n v. City of Mansfield*, 988 F.2d 1469, 1476 (6th Cir. 1993).  In this regard, there is no constitutional guarantee to municipal water service.  *See, e.g.*, *Id*. ("municipal regulations holding landlords responsible for the delinquent water bills of their tenants does not violate the due process clause of . . .[the] federal constitution[]"); *Ransom v. Marrazzo*, 848 F.2d 398, 412 (3rd Cir. 1988) ("[t]he provision of water services, whether by a municipality or by a private utility company, is not, however, a federally protected right").  Accordingly, Powell cannot establish a substantive Due Process claim.

### 2.    **Procedural Due Process**

In addition, Powell cannot establish a procedural Due Process claim because he failed to take advantage of the adequate procedures afforded to him.  The hallmark of procedural due process is notice and an opportunity to be heard.  *Pugel*, 378 F.3d at 662.  Due process is a flexible concept that calls for such procedural protections as the particular situation demands.  *Id*. at 663. To evaluate the adequacy of procedural protections in a particular situation, we consider first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest.  *Id*.

Powell does not dispute that he personally received letters threatening disconnection of water service because of the delinquent water bills of his former tenants.  In addition to warning Powell about the impending disconnection of services, the notice letters afforded him approximately 10 days of advance written notice to either pay the delinquent water bills or to request a hearing to contest the disconnection of service.  Powell does not dispute that he had

notice of these procedures, that the procedures were adequate to protect his rights, or that he chose not to utilize the procedures. Accordingly, Powell cannot establish a procedural Due Process claim.

Accordingly, summary judgment is warranted in the Town's favor on Powell's substantive and procedural Due Process claims as well.

**D.**     **Takings**

Finally, Powell alleges that the Town's policies amount to an unconstitutional taking. The Fifth Amendment prohibits the government from taking private property for public use without just compensation. *See Kelo v. City of New London, Conn.*, 545 U.S. 469, 478 (2005). Assuming, *arguendo*, that Powell had a protectable property interest, he still cannot establish that the Defendants took the property for "public" use. *See Id.* at 480 (broadly interpreting "public use" to include most "public purpose[s]"). Further, Powell has not alleged that the threatened water service disconnections amounted to inverse condemnations of his rental properties. As such, Powell also cannot establish a takings claim under the Fifth Amendment. Accordingly, summary judgment is also warranted in the Town's favor in regards to Powell's takings claim.

## IV.   CONCLUSION

For the reasons stated above, the Defendants' Motion for Summary Judgment (Filing No. 54) is **GRANTED**. In addition, Powell's Motion for Partial Summary Judgment (Filing No. 58) is **DENIED**. The Court will enter final judgment by separate order.

**SO ORDERED.**

Date: 5/19/2016

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Frank Yates, Jr.
frankyatesjr@insightbb.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP-New Albany
jlowe@k-glaw.com