UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| PAUL R. POWELL Rev., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-cv-00004-TWP-TAB |
| ) | |
| TOWN OF GEORGETOWN, INDIANA, ) | |
| MIKE MILLS, JAMES E. TRIPURE, JR., ) | |
| PATTI DENISON, KATHY HALLER, and ) | |
| JERRY BROCK, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on a Motion to Alter or Amend Judgment ("Motion to Amend Judgment") filed pursuant to Federal Rule of Civil Procedure 59(e) by Plaintiff Rev. Paul R. Powell ("Powell"). (Filing No. 66.) On June 12, 2014, Powell filed an Amended Complaint against Defendants the Town of Georgetown, Indiana ("Town") and members of the Town Council: Mike Mills, James E. Tripure, Jr., Patti Denison, Kathy Haller, and Jerry Brock (collectively the "Town Council"). (Filing No. 18.) Powell, a landlord, initiated this lawsuit, asserting that the Town threatened to shut off water service to several of his rental properties after his tenants vacated the properties without paying their water bills. The Town also threatened not to turn on the water service until Powell paid the full amount of the tenants' delinquent water bills. Powell argued that the Town's policy violates the Equal Protection and Due Process clauses of the state and federal constitutions and amounts to unconstitutional takings.

On May 19, 2016, following cross-motions for summary judgment, the Court granted the Defendants' Motion for Summary Judgment and denied Powell's Motion for Partial Summary Judgment. (Filing No. 64.) Thereafter, on June 14, 2016, Powell filed this Motion to Amend

Judgment, asserting that the Court erred in granting Defendants' Motion for Summary Judgment. (Filing No. 66.) For the following reasons, Powell's Motion to Amend Judgment is **denied**.

## I. BACKGROUND

Powell owns six rental properties in Georgetown, Indiana. The Town has a longstanding policy of turning off water service to properties that are delinquent on their water bills. The policy states:

> All bills must be paid by the 21st day of each month. A penalty will be added on the amount of the bill, if the bill is not paid by the end of the working day. If the bill is not paid by the 10th of the next following month in FULL, THE WATER WILL BE CUT OFF

(Filing No. 56-3 at 7) (emphasis in original). The Town also has a policy of holding landlords responsible for the unpaid water bills of their tenants and shutting off water to rental properties until landlords pay the outstanding balances. Because of this policy, Powell paid an estimated $20,000.00 over the past twenty years where former tenants vacated the properties without paying their water bills. Powell knew about both policies for at least twenty-two years and voiced concerns with the Town at various points in the past.

On June 12, 2014, Powell filed an Amended Complaint against Defendants, asserting that the Town's policy requiring a landlord to pay the water bills to avoid shut offs, violates the Equal Protection and Due Process clauses of the state and federal constitutions, as well as the Takings clause. On February 22, 2016, the Defendants collectively filed a Motion for Summary Judgment, arguing that Powell erroneously asserted individual capacity suits against the Town Council, they did not violate Powell's Equal Protection or Due Process rights, nor did they violate the Takings clause. (Filing No. 54.) Four days later, on February 26, 2016, Powell filed a Cross Motion for Partial Summary Judgment, asserting only that he is a third party and is not liable for the unpaid water bills of his tenants. (Filing No. 58.) Specifically, Powell argued that because he is not a

party to the tenants' contracts for water service, he is not obligated to pay the former tenants' outstanding water bills. On May 19, 2016, the Court granted Defendants' Motion for Summary Judgment and denied Powell's Motion for Partial Summary Judgment. The Court concluded that: 1) Powell failed to allege any action or omission on the part of the Town Council members that they violated his constitutional rights; 2) Defendants did not violate the Equal Protection clause because the Town's policy of seeking payment of water bills from the former tenant and the landlord is rationally related to a legitimate government interest of collecting unpaid balances; 3) Due Process was not violated because Powell failed to identify a constitutional guarantee to water service and he did not dispute that he had notice and the opportunity to be heard; lastly, 4) Defendants did not violate the Takings clause because Powell failed to establish that he had a protectable property interest in water service and that Defendants took the property for public use. (Filing No. 64.)

Powell now asks the Court to amend its judgment asserting that the Court misapprehended the applicable law and there are still disputed questions of material fact remaining. (Filing No. 66.)

## II. LEGAL STANDARD

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the Court to reconsider matters properly encompassed in a decision on the merits. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). In this regard, a manifest

error is not demonstrated by merely presenting "the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (a manifest error is "the wholesale disregard, misapplication, or failure to recognize controlling precedent."). Further, a motion to alter or amend a judgment is not an opportunity to "relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, No. 1:07-CV-1630-SEB, 2009 WL 799546, at *3 (S.D. Ind. Mar. 24, 2009). *See also Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007).

### III.    DISCUSSION

Powell moves the Court to amend its judgement, asserting that the Court erred in granting Defendants' Motion for Summary Judgment because there remain issues of material facts. Powell contends that the judgment should be amended because he properly stated claims of relief against the Town Council members. Powell also asserts that Defendants violated the Takings and Equal Protections clauses.

#### A.    Material Issues of Fact

Powell argues that the Court erred in granting summary judgment because material issues of fact remain, namely: 1) the number of properties involved: 2) the adequacy of notice informing Powell of his chance to be heard; 3) whether a previous agreement exists between Powell and the Town establishing Powell as a "customer;" and 4) whether Powell's protests to the Town Clerk's office regarding the debt, amounts to Powell attempting to request a hearing.

As an initial matter, the Court notes that neither party filed response or reply to briefs to the cross motions for summary judgment. Because there were cross motions, the Court evaluated each motion on its merits, resolving factual uncertainties and drawing all reasonable inferences against the respective movant. As required, the Court considered and ruled on the cross motions

based on the evidence designated in the record by both parties. Importantly, Powell's motion to alter or amend judgment under Rule 59(e) does not offer any newly discovered evidence for the Courts' consideration. Instead, Powell cites to numerous deposition passages and evidence that were known to him when he filed his summary judgment brief, but was not previously designated as evidence for the Court's consideration. Accordingly, the deposition designations and affidavits which were not before the Court when it made its summary judgment decision are not considered in the motion to alter or amend.

Addressing the merits of his arguments, Powell first takes issue with the Court's factual finding that "Powell owns six rental properties in Georgetown, Indiana…*For at least one* of Powell's rental properties, the Town specified its policy in a contract with Powell." (Filing No. 64 at 2.) Powell concedes that he has an ongoing contractual relationship with the Town, but contends that a material issue of fact remains because the Court did not resolve whether the Town's policy applied to all six properties or only one. (Filing No. 66 at 8, 19.) In their Motion for Summary Judgment, Defendants presented evidence that Powell entered into agreements with the Town for water service when he purchased his six Georgetown properties. (Filing No. 56-2 at 20.) The Defendants contended that Powell was aware that under those agreements he remained responsible for the service at his rental properties, despite a tenant establishing a separate User Contract, and if the tenant did not pay his or her water bill, then Powell was liable for the balance. In his Cross Motion for Partial Summary Judgment, Powell did not dispute Defendants' contention that he was aware that the policy applied to all properties. Powell argued only that he was a third party to the User Contracts between the Town and his former tenants, but made no mention of the agreements he entered into with the Town.

5

Powell also argues that an issue of material fact remains regarding the adequacy of notice informing Powell of his right to dispute the water bills. In their Motion for Summary Judgment, Defendants provided evidence that Powell received several notices from the Town, warning him that water service to his rental properties would be disconnected unless Powell paid the outstanding balances of his former tenants. The Defendants contended that the notice states, in relevant part, as follows:

> [i]f a Water Utility Customer desires to request a hearing contesting the appropriateness of a contemplated disconnection for nonpayment of their water utility bill, the customer shall request such hearing at the Georgetown's Clerk's Office within seven (7) business days after the mailing of the disconnection notice.

([Filing No. 56-3 at 22](#)) (emphasis in original). Powell raises for the first time that the above notice in record bears a date after the actions complained of in this case and that there is no evidence that he received the above notice. Powell also disputes, for the first time, whether he is a "customer" as mentioned in the above notice, contending that he is a "previous owner" and, thus, has no liability for the water charges. Despite his assertions, Powell points to evidence in the record which discredits the Courts factual findings. For example, [Filing No. 56-3 at 7-21](#) contains copies of contracts for all six rental properties, not just one; and [Filing No. 56-3 at 4](#) is a copy of the disconnect letter issued on July 23, 2013 for the property located at 9190 St. Rd. 64, which is the subject property listed in Powell's Amended Complaint.

Powell lastly states that a material issue of fact remains because his protests to the Town Clerk's office amounts to an attempt to request a hearing. In their Motion for Summary Judgment, Defendants contended that Powell's Due Process rights were not violated because, among other reasons, Powell had notice and an opportunity to be heard but never requested a hearing. In support of their argument, Defendant designated Powell's deposition testimony wherein Powell admitted that he never requested a hearing regarding a shutoff or proposed shutoff (Filling No.56-2 at 27),

6

as well as the letter which informs Powell of his right to a hearing (Filing No. 56-3 at 24). Powell did not dispute Defendants' factual assertions in his summary judgment briefing, therefore, he cannot do so now.

A motion to alter or amend a judgment is not an opportunity to "relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone,* 2009 WL 799546, at *3. Because Powell did not raise these issues in his Cross Motion for Partial Summary Judgment, Powell's motion to amend on this basis is **denied**.

**B.** **Claims of Relief Against Town Council**

Powell next asks the Court to amend its judgment because the Court, agreeing with Defendants, found that Powell failed to allege any action or omission on the part of the Town Council members that they violated Powell's rights. In his Cross Motion for Partial Summary Judgment, Powell did not rebut this argument.

Powell currently contends that in assessing the sufficiency of his allegation against the Town Council members, the Court was required to analyze Federal Rule of Civil Procedure 8(a), rather than Rule 56. Powell argues that he met the United States Supreme Court's standard in *Twombly* and *Iqbal*, when asserting in his Complaint a short plain statement showing that he is entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court finds that Powell is mistaken in his assertion because both *Twombly* and *Iqbal* involve motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), rather than a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. While a complaint stating minimal factual allegations is sufficient to overcome a motion to dismiss, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Electric Industrial Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986). Powell provided no evidence that the Town Council members violated his rights. Accordingly, Powell's Motion on this issue is **denied**.

**C.     Takings**

Powell also contends that the Court misinterpreted the applicable law when concluding that Powell failed to allege that the Town's threat to disconnect water service amounted to a taking. Powell asserts that he did not need to show that the property was actually taken, but to plead only an invasion or appropriation of his property right that resulted in his injury.

The Court agrees with Powell regarding the law, however, the issue still remains that Defendants argued in their Motion for Summary Judgment that they did not violate the Takings clause because Powell did not have a protected property right to water services, and even if he did, Defendants did not take Powell's property and turn it into something for public use, nor did they ever disconnect Powell's water services. ([Filing No. 54](#).) Powell now, for the first time, contends that the Town deprived him of a valuable protected property right that destroyed the value of his rental properties. The Court finds that Powell is again attempting to present arguments that could and should have been presented in his cross motion. The Court also concludes that Powell still fails to provide evidence that his valuable protected property was turned into something for public use, as required by the Takings clause. Accordingly, Powell's Motion on this issue is **denied**.

**D.     Equal Protection Violation**

Powell lastly contends that he can demonstrate that Defendants violated his Equal Protection rights and argues that the cases cited in the Court's holding are not binding and are distinguishable. Powell repeats the assertion he made in his Cross Motion for Partial Summary Judgment and argues that the Seventh Circuit's ruling in *Sterling* is controlling. *See Sterling v. Village of Maywood*, 579 F.2d 1350 (7th Cir. 1978) (a collection scheme "that divorces itself

8

entirely from the reality of legal accountability for the debt involved, is devoid of logical relation to the collection of unpaid water bills from the defaulting debtor."). Powell again asserts that he is a third party and the Town's policy of holding landlords responsible is not rationally related to the collection of unpaid water bills from a defaulting debtor.

The Court finds that Powell has not established that the Court committed a manifest error of law or fact. *See Oto*, 224 F.3d at 606. The Defendants relied on *Golden v. City of Columbus*, 404 F.3d 950, 960 (6th Cir. 2005) and *O'Neal v. City of Seattle,* 66 F.3d 1064, 1068 (9th Cir. 1995) when asserting that because the right to water service is not a fundamental right and Powell failed to allege a classification involving a protected class, the rational basis test applies. In *Golden* and *O'Neal*, the Sixth and Ninth Circuits, respectively, recognized that requiring a landlord to pay the water bill debt of former tenants is rationally related to a municipality's purpose of collecting unpaid debts. *Golden*, 404 F.3d 950 at 962; *O'Neal*, 66 F.3d at 1068. The Defendants also distinguished the present case from *Sterling*, which held that a new tenant cannot be denied water service in a rental property due to debts from previous tenants. *See Sterling*, 579 F.2d at 1355. The Defendants contended that *Sterling* is inapplicable because the Town's policy attempts to collect water bill debts only from those legally responsible: the former tenant and the landlord. The Court agreed.

In his Cross Motion for Partial Summary Judgment, despite arguing that he is a third party to the User Agreements between the Town and former tenants, Powell did not dispute having a contractual relationship with the Town that held him responsible for the unpaid water bills of his former tenants. Additionally, in his Motion to Amend Judgment, Powell fails to demonstrate that the Court misapplied *Golden* and *O'Neal* or disregarded controlling precedent that states that a

9

landlord under contract may not be held responsible for the unpaid water bills of former tenants. Accordingly, Powell's Motion on this issue is **denied**.

## IV.   CONCLUSION

As the Seventh Circuit has often stated, "summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" *Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1111 (7th Cir. 2004) (quoting *Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 901 (7th Cir. 2003)). Because Powell failed to do so in summary judgment pleadings, the motion for summary judgment filed by Defendants is properly granted and Powell's cross motion for partial summary judgment is properly denied.  For the aforementioned reasons, the Court **DENIES** Powell's Motion to Amend Judgment.  (Filing No. 66.)

**SO ORDERED**.

Date: 12/7/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Frank Yates, Jr.
frankyatesjr@insightbb.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP-New Albany
jlowe@k-glaw.com