UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| PAUL R. POWELL, Rev., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-00004-TWP-TAB |
| | ) | |
| TOWN OF GEORGETOWN, INDIANA, | ) | |
| MIKE MILLS, JAMES E. TRIPURE, JR., | ) | |
| PATTI DENISON, KATHY HALLER, | ) | |
| and JERRY BROCK, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO SET ASIDE JUDGMENT

This matter is before the Court on Plaintiff Paul R. Powell's ("Powell") Motion to Set Aside Judgment filed pursuant to Federal Rule of Civil Procedure 60(b) (Filing No. 74). In connection with unpaid water bills and turning off water service at his rental properties, Powell asserted claims of constitutional violations against Defendants Town of Georgetown, Indiana ("the Town"), Mike Mills, James Tripure, Patti Denison, Kathy Haller, and Jerry Brock (collectively, "Defendants"). The Defendants sought and obtained summary judgment, and the Court entered final judgment against Powell. Following an unsuccessful appeal to the Seventh Circuit, Powell now moves to set aside the summary judgment ruling. For the reasons set forth below, Powell's Motion is **denied**.

### I. BACKGROUND

During the relevant time period, Powell owned six rental properties in the Town. Several water bills for his rental properties were left unpaid by tenants. The Town threatened to not turn water services back on to those properties until Powell paid the delinquent balances in full. Powell filed an Amended Complaint against the Defendants, asserting that they violated his constitutional

rights by disconnecting water service to his rental properties that had delinquent water bills and by refusing to restore water services until the bills were paid in full ([Filing No. 18](#)). His claims were for violations of his Equal Protection and Due Process rights, as well as an unconstitutional taking. *Id*.

On February 22, 2016, the Defendants filed a Motion for Summary Judgment on Powell's claims ([Filing No. 54](#)). On February 26, 2016, Powell filed a cross Motion for Partial Summary Judgment ([Filing No. 58](#)). On May 19, 2016, the Court entered an Order granting the Defendants' Motion for Summary Judgment and denying Powell's cross Motion ([Filing No. 64 at 8](#)), and entered final judgment against Powell ([Filing No. 65](#)).

Powell filed a motion to alter or amend the judgment, which the Court denied. Then Powell filed his Notice of Appeal and asked the Seventh Circuit to review the Court's May 19, 2016 Order and Judgment. On September 1, 2017, the Seventh Circuit dismissed Powell's appeal for failure to prosecute and issued its Mandate. The Seventh Circuit noted that, on August 8, 2017, it had struck Powell's noncompliant brief and had directed him to file a corrected brief by August 15, 2017. Powell failed to comply and was ordered on August 21, 2017, to show cause by August 28, 2017, why the appeal should not be dismissed for failure to prosecute. Powell again failed to respond. Thus, on September 1, 2017 the Seventh Circuit dismissed the appeal and issued its final order with mandate. ([Filing No. 73 at 3](#)).

On December 5, 2017, Powell filed a Rule 60(b) Motion to Set Aside Judgment ([Filing No. 74](#)), asking the district court to set aside the May 19, 2016 summary judgment Order. Powell asserts that he recently discovered new evidence. He asserts that, sometime in September 2017, he contacted the Town to protest the most recent water disconnection, and the president of the Town Council, Everett Pullem, informed him that the Town has been advised by legal counsel that

the Town's disconnection policy is illegal and the Town would immediately reconnect all water service to his rental properties. Pullem also stated that, despite the illegal nature of the disconnections, Powell is still responsible for all unpaid water charges that his tenants incurred ([Filing No. 75](Filing No. 75) - 2).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. Pro. 60(c)(1). Rule 60(d) explains, "[t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court." "To obtain relief under Rule 60(b)(3), a party must show that she has a meritorious claim that she was prevented from 'fully and fairly presenting' at trial as a result of the adverse party's fraud, misrepresentation, or misconduct." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758–59 (7th Cir. 2010). "A party seeking to set aside a judgment under Rule 60(b)(3) or the court's inherent power must prove fraud by clear and convincing evidence." *Id.* at 759. Fed. R. Civ. P. 60(b).

Rule 60(b) relief is "an extraordinary remedy that is to be granted only in exceptional circumstances," and motions "'must be shaped to the specific grounds for modification or reversal found in 60(b) -- they cannot be general pleas for relief.'" *Forrest v. Corr. Corp. of Am.*, No. 1:05-cv-1797-SEB-JMS, 2008 U.S. Dist. LEXIS 24286 (S.D. Ind. Mar. 26, 2008) (citing *Talano*, 273 F.3d at 762 and quoting *Provident Savings Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995) and *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)). A party requesting relief from a final judgment is required to make a strong showing under Rule 60(b) because of the "strong presumption against the reopening of final decisions." *Connecticut Nat'l Mortg. Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990).

### III. DISCUSSION

Powell "moves the Court, pursuant to Rule 60(b)(2), F.R.C.P.; Rule 60(b)(3), F.R.C.P.; Rule 60(b)(4), F.R.C.P.; and Rule 60(b)(6), F.R.C.P., to grant him relief from its Order of May 19, 2016, by which it granted Summary Judgment against him." ([Filing No. 74 at 1](#).) In his supporting brief, Powell alleges that he has newly discovered evidence that warrants setting aside the Court's summary judgment Order. He affirms under oath that Pullem, as the Town Council's president, was acting as an agent of the Town when he informed Powell that the Town's practice of water disconnections was illegal and the Town would immediately reconnect all water service to his rental properties. ([Filing No. 75-2](#).) Powell asserts that this new evidence is an admission contrary to interest and justifies setting aside the summary judgment and final judgment orders.

In response, the Defendants first deny that the statements which constitute Powell's alleged "new" evidence, were never made. ([Filing No. 76 at 1-2](#).) They also argue that Powell has failed to present any grounds upon which this Court has jurisdiction to set aside the Final Judgment under Federal Rule of Civil Procedure 60(b). Regarding their second argument, the Court agrees that

4

Powell presents no factual basis, legal authority, or argument to support his Motion under Rule 60(b)(3), Rule 60(b)(4), and Rule 60(b)(6).

Powell has offered no evidence to prove fraud by clear and convincing evidence, nor has he offered any evidence to show the judgment is void. A judgment is void within the meaning of Rule 60(b)(4) where it is entered by the court without jurisdiction or in contravention of due process. *FEC v. Salvi*, 205 F.3d 1015, 1019 (7th Cir. 2000). The Seventh Circuit has clearly stated that issues must be developed through argument supported by legal authority. *See Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 758 (7th Cir. 2012) ("because appellants did not raise this issue in their opening briefs, they waived any argument on this ruling"); *Clarett v. Roberts*, 657 F.3d 664, 674 (7th Cir. 2011) (argument addressed in two sentences in opening brief deemed waived); *Boomer v. AT&T Corp.*, 309 F.3d 404, 422 n.10 (7th Cir. 2002) (where party fails to support position with any legal analysis or citation, the argument is waived); *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"); *Cent. States, Se. & Sw. Areas Pension Fund v. Midwest Motor Express, Inc.*, 181 F.3d 799, 808 (7th Cir. 1999) ("[a]rguments not developed in any meaningful way are waived"). Because Powell has failed to develop any argument supported by legal authority to set aside a judgment based on fraud under Rule 60(b)(3), or because the judgment is void under Rule 60(b)(4), the Court determines relief is not warranted under these subsection of Rule 60(b).

Turning to Rule 60(b)(2)—which allows for relief from a final judgment based on newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)—the Court first notes that Powell merely states that he has new evidence in the form of testimony from the Town Council president and then in a conclusory

manner, asserts that he is entitled to relief from the summary judgment and final judgment of May 19, 2016. Other than his own affidavit, Powell did not designate admissible evidence to support his motion. Powell has failed to submit an affidavit to authenticate facts—such as an affidavit from Pullem, or documents that support his allegations.

Defendants argue that Powell's allegations must be disregarded because they are simply legal conclusions. In addition, in his brief, Powell provides no analysis or argument as to why this new evidence entitles him to relief from a final judgment, which is an extraordinary remedy. Furthermore, Powell provides no analysis or explanation regarding why this evidence could not have been discovered with reasonable diligence within the one-year time frame.

Importantly, as the Defendants have pointed out, relief pursuant to Rule 60(b)(2) is subject to the one-year limitation period under Rule 60(c). Thus, Powell was required to file this Motion within one year of the May 19, 2016 summary judgment and final judgment. However, Powell waited until December 5, 2017, more than six month after the time limitation, to file his Motion. "[T]he one year time limit [found in Rule 60(c)] is jurisdictional and may not be extended in any event." *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 985 (7th Cir. 1989) (citing *Ackermann v. United States*, 340 U.S. 193, 197 (1950)).

Finally, even if Powell had presented an argument with supporting authority for relief under Rule 60(b)(6), which provides "any other reason that justifies relief," this subsection would not be available to Powell because his claim is again time barred. The Seventh Circuit has plainly explained:

> [R]elief under the subsection (6) catch-all category is limited to extraordinary circumstances . . . . To prevent parties from using the subsection (6) catch-all to circumvent the one-year limit on relief under subsections (1) through (3), courts read the Rule 60(b) subsections to be mutually exclusive, meaning if relief is available under a more specific subsection, it is not available under subsection (6).

6

*Mendez v. Republic Bank*, 725 F.3d 651, 657 (7th Cir. 2013) (citations and quotation marks omitted). Accordingly, Powell cannot obtain relief from the Court's May 19, 2016 Orders via his Rule 60(b) Motion to Set Aside Judgment.

## IV. <u>CONCLUSION</u>

While providing relief under Rule 60(b) is within the Court's discretion, "[r]elief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances," *One 1979 Rolls-Royce Corniche Convertible*, 770 F.2d at 716, and the party requesting relief from a final judgment is required to make a strong showing under Rule 60(b) because of the "strong presumption against the reopening of final decisions." *Brandstatter*, 897 F.2d at 885. For the foregoing reasons, the Court determines that Powell has not made a strong showing and **DENIES** the Motion to Set Aside Judgment ([Filing No. 74](#)).

**SO ORDERED**.

Date: 7/5/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Frank Yates, Jr.
frankyatesjr@insightbb.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP-New Albany
jlowe@k-glaw.com